UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHI AMADI HASANATI,

                            Petitioner,

               -against-

STATE OF FLORIDA,

                            Respondent.

22-CV-6129 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently on supervised release in connection with a Florida state conviction

and is residing in Bronx County, New York. He filed this application, which is styled as a

petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in the United States District Court

for the Eastern District of New York, which transferred it here. Petitioner challenges his 2011

Florida state court conviction and the administration of his current supervised release.

By order dated July 25, 2022, the Court granted Petitioner's request to proceed *in forma*

*pauperis*. The Court hereby notifies Petitioner that this application must be recharacterized as a

petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and grants Petitioner leave to

withdraw the application, within 30 days, if he does not want it to be recharacterized. If

Petitioner wishes to proceed with a Section 2254 petition, he must file an amended Section 2254

petition, as detailed below, within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a

§ 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Jahi Hasanati was convicted in a Florida state court of racketeering, first and second degree grand theft, and conspiracy to commit grand theft. *See State v. Hasanati*, Case No. 10-008595 (Fla.11th Jud. Cir. Ct.). He was sentenced on May 5, 2011, to a total term of 45 years' imprisonment. On August 28, 2013, Florida's Third District Court of Appeal affirmed Hasanati's conviction and sentence. *See Hasanati v. State*, 119 So. 3d 452 (Fla. Dist. Ct. App. 2013).

Petitioner challenged his conviction in federal court in multiple petitions for writs of *habeas corpus*. *See Hasanati v. United States*, 1:17-CV-20682-JAL (S.D. Fla. Feb. 24, 2017); *Hasanati v. Jones,* No. 15-22610-Civ-Cooke (S.D. Fla. Jan. 29, 2016) (dismissing § 2254 petition challenging Miami-Dade County Circuit Court Case No. 10-08585; *Hasanati v. United States*, No. 3:20-CV-942, 2020 WL 6150920, at *2 (M.D. Fla. Oct. 20, 2020) ("[I]f Petitioner is attempting to challenge his conviction or sentence, he cannot do so without the Eleventh Circuit's permission, because the Southern District of Florida previously adjudicated Petitioner's *habeas corpus* petition under [S]ection 2254. *See* Case No. 1:17-CV-20682-JAL (S.D. Fla.). Thus, he must seek permission from the Eleventh Circuit prior to filing a second or successive

*habeas* petition, and he cannot overcome the procedural requirements of [Section] 2254 by labeling his petition as one under [Section] 2241.").[1]

Courts have repeatedly rejected Petitioner's challenge to the constitutionality of the statutes under which he was convicted. *See, e.g., Hasanati v. Att'y Gen.*, No. 8:11-CV-61-T-30, 2011 WL 720750, at *1 (M.D. Fla. Feb. 4, 2011) ("[T]he claim is for a declaratory judgment that seven Florida statutes are invalid based on the Supremacy Clause and under Florida's Constitution. However, the plaintiff has proffered no facts whatsoever to support the challenges."), *R & R adopted*, 2011 WL 720742 (M.D. Fla. Feb. 22, 2011); *Hasanati v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 912 (11th Cir. 2018) (noting that Petitioner's Section 2254 petition was based on allegations "that his arrest, extradition from New York to Florida, conviction, and imprisonment were unlawful because the statutes upon which they were based were invalid, not properly passed by the Florida legislature, and could not be authenticated by the Florida Secretary of State").

According to documents attached to this petition, Petitioner was initially scheduled for release in or about November 2055 (ECF 1 at 156), but on May 4, 2022, he was granted a Conditional Medical Release (*id.* at 149, 152). The Florida Department of Corrections issued Petitioner a "travel permit," which indicates that he would travel by Greyhound bus from Tallahassee, Florida, to Bronx County, New York, where he would reside, and that he must report

---

[1] Petitioner is also subject to numerous prefiling injunctions due to his repetitive filing of frivolous applications. *See, e.g., Hasanati*, 1:17-CV-20682, 7 (Order at 8 ("Hasanati has been enjoined from any further filings in his state criminal proceedings, due to the sheer number of frivolous *pro se* filings he has made.").); *State v. Hasanati*, Case No. 10-008595 (Fla. 11th Jud. Cir. Ct., Aug. 25, 2015) (Docket No. 968) (enjoining Hasanati from any future *pro se* filings in his underlying criminal case); *Hasanati v. State*, 117 So. 3d 1157, 1158 (Fla. Dist. Ct. App. 2013) ("In less than three years, Hasanati has filed a total of seventeen separate *pro se* appeals or petitions (including the instant cause) related to the underlying circuit court case.").

to his parole officer within 48 hours. (*Id.* at 155.) One of the special conditions of his release requires that he "agree that [he] will not have a checking account during the term of [his] Conditional Medical Release." (*Id.* at 153.)

Petitioner's first three grounds for relief in the petition challenge the imposition of his Florida conviction. First, he argues that he is a "factually and legally innocent Competent Living man [who is] unconstitutionally restrained in a private home [in] Bronx County, New York . . . by the illegitimate [use] of unenacted statutes." (*Id.* at 13.) As a second ground for relief, Petitioner argues that he is unlawfully held "in the clearest absence of legal evidence of Probable Cause." (*Id.* at 15.) He contends that there is no statement in the state court record "by a person or person[s] with first-hand knowledge of the facts"; that the criminal charges at "Counts 10 and 11 are time barred because they were brought more than four years [after] the nonexistent conduct"; and that "the state's unfounded claims against the Body fails to charge a crime for national or international purposes." (*Id.*) Next, Petitioner contends as a third ground for relief that the debt that played a role in his conviction was canceled in his bankruptcy proceeding in the United States District Court for the Eastern District of New York. (*Id.* at 17.) He argues that "such cancelled debt on which the State of Florida and others . . . are unlawfully employing to restrain the Body in a private house against His will is barred as a result of the Discharge and Final Decree." (*Id.*)

Petitioner's fourth ground for relief is that he is "unconstitutionally restrained" because he does not have a valid contract with the State of Florida and Respondent does not have "a valid and enforceable right of possession or any ownership interest in the Body." (*Id.* at 19.)

Petitioner's fifth ground for relief includes both challenges to the imposition of his conviction and sentence (for example, he argues that "the void charges were offered by invalid

4

information"), and challenges to the conditions of his past confinement (for example, he argues that "[t]he Body became severely ill as a direct result of the toxic environment"). (*Id.* at 20.) Petitioner also challenges, in his fifth ground for relief, the execution of sentence. He contends that "[t]he State of Florida fraudulently proposes that the Body be permanently enjoined from opening a checking account" during his Conditional Medical Release (*Id.*) Petitioner argues that as a result of his disability, he is "forced to rely on aid from the federal government," but he "cannot access these benefits because the State prohibits JAH from opening a checking account."[2] (*Id.* at 21.)

As a sixth ground for relief, Petitioner argues that the State of Florida has "coerced the Body into slavery by reliance on a void judgment." (*Id.* at 22.) Seventh, Petitioner contends that the "Body is the Claimed property of the **Celia Williams Estate Trust**, as expressly shown in a perfected Statement of Interest filed with the Office of the Florida Secretary of State" and the "State of Florida does not refute this claim of record." (*Id.* at 23) (emphasis original).

Petitioner, referencing the Florida statutes under which he was convicted, indicates that he seeks "entry of an order declaring that the unenacted statutes lack full faith and credit in the United States; a temporary and permanent injunction against the respondent(s) discharging the Body from unconstitutional restraint inflicted on American Soil; and any other relief." (*Id.* at 7.)

---

[2] Petitioner attaches documents showing that, on February 22, 2022, the Florida Department of Corrections requested that Petitioner's application for social security disability benefits be initiated, pursuant to its memorandum of understanding with the Social Security Administration. (*Id*. at 150.)

**DISCUSSION**

## I.     Recharacterization as Section 2254 Petition

Petitioner, who is a state prisoner, styles this application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. He challenges both the imposition of his 2011 Florida conviction and the administration of his supervised release in Bronx County, New York.

A Section 2254 petition is the proper vehicle for a challenge to a State court judgment of conviction. *See* 28 U.S.C. § 2254(a) (Section 2254 governs "application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution . . . of the United States."). While a federal prisoner must challenge the execution of his sentence in a Section 2241 petition, "a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). It therefore appears that this petition, challenging both the imposition and the execution of Petitioner's state judgment of conviction, must be brought as a Section 2254 petition. *Id.* at 278 ("A state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to him.").[3] [I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Id.* at 277-78 (relying on *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).

---

[3] As Petitioner has previously been advised, even if any new Section 2254 petition that he wishes to bring challenging his 2011 Florida conviction would be successive and require him to seek permission from the Eleventh Circuit before filing it, he "cannot overcome the procedural requirements of [Section] 2254 by labeling his petition as one under [Section] 2241." *Hasanati*, 2020 WL 6150920, at *2.

District courts generally must provide a petitioner notice and an opportunity to withdraw a mislabeled petition before recharacterizing it. This is because the limitation on the filing of second or successive petitions "favor[s] providing the prisoner with notice of the intended conversion and the opportunity to add additional claims . . . or withdraw the [application] entirely." *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) (relying on *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (Section 2255 motion)); *Cook*, 321 F.3d at 282 ("[T]he problem arising from conversion is the same [w]hether a petitioner is a state or federal prisoner."). These concerns do not apply, however, where a prisoner is already subject to the limitation on successive petitions. *See Jiminian*, 245 F.3d at 148 (holding that concerns raised in *Adams* did not apply where prisoner's prior Section 2255 motion challenging the same conviction has already been dismissed on the merits).

Here, Petitioner has already brought prior Section 2254 petitions challenging the same 2011 Florida conviction, *Hasanati v. United States*, 1:17-CV-20682-JAL (S.D. Fla. Feb. 24, 2017), and the dismissal has been deemed a merits determination subjecting him to the limitation on successive petitions, *Hasanati*, 2020 WL 6150920, at *2 ("[I]f Petitioner is attempting to challenge his conviction or sentence, he cannot do so without the Eleventh Circuit's permission, because the Southern District of Florida previously adjudicated Petitioner's habeas corpus petition under [S]ection 2254. *See* Case No. 1:17-CV-20682-JAL (S.D. Fla.)."). The Court therefore need not warn Petitioner before recharacterizing his Section 2241 petition challenging his conviction as a Section 2254 petition because there is no risk converting this petition will prejudice his ability to bring such claims.

Petitioner also brings, however, claims regarding the special conditions imposed as part of his Conditional Medical Release in 2022, which he could not have raised in his first Section

7

2254 petition because the claims had not yet arisen. Plaintiff's claims regarding the execution of

his state sentence thus are not successive because they had not arisen at time that he brought the

first petition. *See James*, 308 F.3d at 168 ("[W]hen a subsequent *habeas* petition contains both a

new claim that could not have been raised in a prior petition and a claim that was previously

raised, we deem such petition "first" as to the new claim and "second" as to the old claim."). The

Court therefore cautions Petitioner that it intends to recharacterize this petition, brought under

Section 2241, as a petition for a writ of *habeas corpus* under Section 2254. If Petitioner does not

wish to pursue relief under Section 2254, he must notify the Court, within 30 days of the date of

this order, that he wishes to withdraw the petition.[4]

## II.   Exhaustion of Claims Relating to Execution of Sentence

Petitioner seeks relief in connection with the execution of his Conditional Medical

Release in Bronx County. He makes two arguments: (1) that as a special condition of release, he

is prohibited from maintaining a checking account; and (2) that there is no "valid contract" to

subject him to supervised release.[5] (*Id.* at 153.)  Plaintiff has not shown, however, that the Court

has the power to review his sentence execution claims even if the petition is recharacterized as a

Section 2254 petition.

---

[4] Petitioner was convicted in Florida state court, within the Eleventh Circuit, which has taken a slightly different view of the relationship between Section 2241 and Section 2254. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (holding that there is "but one *habeas corpus* remedy for those imprisoned pursuant to a State court judgment, and that it was governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, we held that the *habeas corpus* remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions"); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) ("Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous.").

[5] Petitioner was charged with money laundering and racketeering relating to mortgage fraud, and the special condition limiting his banking activities may relate to the nature of the criminal activity.

First, a state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine requires that the state courts must be given the first opportunity to review the constitutional errors that the petitioner wishes to raise in a Section 2254 petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a complete round of the state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)). Petitioner does not allege any facts showing that he exhausted in the state courts his claims regarding the execution of his Conditional Medical Release.

Moreover, neither of Petitioner's grounds for relief appears to raise a federal constitutional claim. 28 U.S.C. § 2254(a) (Section 2254 petition is available to a petitioner "in custody in violation of the Constitution . . . of the United States."). Petitioner's claim that his Conditional Medical Release "contract" is invalid does not turn on a question of federal law. *See, e.g.*, *Robles v. Williams*, No. 02-CV- 6102, 2007 WL 2403154, at *3 (S.D.N.Y. Aug. 22, 2007) (petitioner "described his petition as raising a claim for 'breach of contract' based on the Parole Division's failure to honor the 1999 'agreement.' . . . If this were a contract claim, the Court would be obliged to dismiss it, as federal *habeas* relief is not available for errors of state law.").

In addition, Petitioner does not specify the constitutional basis on which he challenges the imposition of a special condition limiting him from opening a checking account. A constitutional claim under the Due Process Clause requires a showing that the Petitioner has a protected liberty interest. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460  (1989) (holding that

protected liberty interests "may arise from two sources – the Due Process Clause itself and the laws of the States.") (citing *Hewitt v. Helms*, 459 U.S. 460 (1983)); *Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000) ("[W]e have construed *Sandin v. Conner,* 515 U.S. 472 (1995), to mean that a state 'may under certain circumstances create liberty interests which are protected by the Due Process Clause.'").

It is unclear, at this stage, that Petitioner has a protected liberty interest created under either New York or Florida law in being free from special conditions, such as the one related to his checking account. *See, e.g.*, *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, [there is no] protected liberty interest in being free from special conditions."); *Robles*, 2007 WL 2403154, at *4 (same); *Bressette v. New York State Div. of Parole*, 2 F. Supp. 2d 383, 387 (W.D.N.Y. 1998) ("[T]he imposition of such [special parole] conditions is not the subject of federal *habeas corpus* review.").[6]

If Petitioner wishes to pursue relief under Section 2254 for his claims regarding the execution of his sentence, he must file an amended petition demonstrating that his challenge is based on federal constitutional law and that he has exhausted his claim by presenting it to the state courts.[7]

---

[6] Florida law also does not appear to create a liberty interest in being free from special conditions of release. *See, e.g., Pope v. Fla. Parole Comm'n*, No. 08-60498-CIV, 2008 WL 5412060, at *5 (S.D. Fla. Dec. 29, 2008) (challenge to "placement on conditional release supervision with the special condition of a curfew" does not appear to "involve any issue of federal constitutional dimension"); *Epperson v. Sec'y, Dep't of Corr.*, No. 809-CV-826, 2009 WL 2973556, at *3 (M.D. Fla. Sept. 14, 2009) ("Petitioner has not raised any issues of federal constitutional dimension. Petitioner's challenges involving the discretion of the Commission in setting terms of his conditional release supervision is a matter of State law only.").

[7] Petitioner also challenges the conditions of his confinement in the custody of the Florida Department of Corrections, alleging that the conditions made him sick. Any request for injunctive relief regarding conditions in Florida would be moot because Petitioner has been

**LEAVE TO AMEND PETITION**

The Court grants Petitioner leave to submit an amended petition, within 60 days of the date of this order, raising his claims regarding the execution of his sentence. Should Petitioner decide to file an amended Section 2254 petition, he must state his constitutional grounds for challenging the execution of his sentence and detail the steps he has taken to exhaust these claims fully in state court. Petitioner must exhaust all available state court remedies in order to proceed with this petition. *See* 28 U.S.C. § 2254(b)(1). An amended petition will completely replace, rather than supplement, the original petition.

Since commencing this action, Petitioner has filed multiple appendices and supplemental documents, such as an "Ecclesiastical Deed Poll," documents from the "World Service Authority," and other material irrelevant to his claims. (ECF 7-12.) Petitioner is granted an opportunity to submit an amended petition clarifying his claims regarding the execution of his sentence and whether he has presented such claims to the state court. The Court cautions Petitioner that the continued submission of duplicative and irrelevant material may result in filing restrictions.

**CONCLUSION**

The Court intends to recharacterize this petition, brought under Section 2241, as a petition for a writ of *habeas corpus* under Section 2254. If Petitioner does not wish to pursue relief under Section 2254, he must notify the Court, within 30 days of the date of this order, that he wishes to withdraw the petition.

---

conditionally released. Any claim for damages must be filed in a civil rights action, for which venue would not lie in this Court. *See* 28 U.S.C. § 1391.

If Petitioner wishes to pursue relief under Section 2254 challenging the execution of his

sentence, he is directed to file an amended petition as set forth in this order. The amended

Section 2254 petition must be submitted to the Pro Se Intake Unit within 60 days of the date of

this order, be captioned as an "Amended Petition" and bear the same docket number as this

order, 22-CV-6129. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order.

No answer shall be required and no subpoenas shall be issued at this time. If Petitioner fails to

comply with this order within the time allowed, and cannot show good cause to excuse such

failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a

constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:    September 6, 2022
           New York, New York

                              /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                             Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.     To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.     You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.     Make sure the form is typed or neatly written.

4.     You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.     Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.     You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.     In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.     When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.     **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.     **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                          Page 2
(Rev. 06/13)                                    **AMENDED**

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?      ❏   Yes      ❏   No

5.      Identify all crimes of which you were convicted and sentenced in this case:







6.      (a) What was your plea? (Check one)

                        ❏   (1)      Not guilty        ❏   (3)      Nolo contendere (no contest)

                        ❏   (2)      Guilty            ❏   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury    ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes    ❏ No

8.    Did you appeal from the judgment of conviction?

❏ Yes    ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❏ Yes    ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❏   Yes   ❏   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ❏   Yes   ❏   No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❏   Yes   ❏   No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes        ❏   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❏  Yes        ❏   No

(2)  Second petition:     ❏  Yes        ❏   No

(3)  Third petition:       ❏  Yes        ❏   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes    ❒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ❒ Yes    ❒ No

    (4) Did you appeal from the denial of your motion or petition?    ❒ Yes    ❒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒ Yes    ❒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)       **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes       ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)       **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏  Yes       ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ❑  Yes          ❑  No

(4) Did you appeal from the denial of your motion or petition?                     ❑  Yes          ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑  Yes          ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

         have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

(4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

         having jurisdiction?     ❏  Yes        ❏   No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

         presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

         ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?     ❏     Yes        ❏   No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?     ❏     Yes        ❏   No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ❒ Yes     ❒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ❒ Yes     ❒ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print        Save As...                                    Reset