UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHI HASANATI,

                    Petitioner,

-against-

STATE OF FLORIDA, et al.,

                    Respondent.

22-CV-6129 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner originally filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in the United States District Court for the Eastern District of New York. That court transferred the petition here, because Petitioner currently resides in Bronx County, New York, within this district, while he is on conditional medical release from his Florida state conviction. Petitioner attacks his 2011 Florida conviction and complains that one of his conditions of release in connection with that conviction hampers his ability to access federal financial benefits.

      By order dated September 6, 2022, the Court held that Petitioner required authorization from the Eleventh Circuit to pursue a successive petition that attacked his Florida conviction but granted Petitioner leave to file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the manner in which his sentence was being carried out. The Court directed Petitioner to file an amended Section 2254 petition demonstrating (1) that his challenge to the administration of his sentence, including the conditions of his medical release, was based on an asserted violation of his federal constitutional rights, and (2) that he had exhausted these claims by presenting them to the state courts.

      On November 10, 2022, Petitioner filed an amended Section 2254 petition. (ECF 17.) He has also filed two declarations and a request to take judicial notice. (ECF 18-20.) The Court has

reviewed Petitioner's amended Section 2254 petition, and for the reasons set forth below, dismisses it.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Jahi Hasanati was convicted in a Florida state court of racketeering, first and second degree grand theft, and conspiracy to commit grand theft. *See State v. Hasanati*, Case No. 10-008595 (Fla.11th Jud. Cir. Ct.). He was sentenced on May 5, 2011, to a total term of 45 years' imprisonment. In 2013, Florida's Third District Court of Appeal affirmed Hasanati's conviction and sentence. *See Hasanati v. State*, 119 So. 3d 452 (Fla. Dist. Ct. App. 2013). He was initially scheduled for release in or about November 2055 (ECF 1 at 156), but on May 4, 2022, Petitioner

was granted a Conditional Medical Release (*id.* at 149, 152), and he then relocated to Bronx County.

One of the special conditions of Petitioner's medical release requires that he "agree that [he] will not have a checking account during the term of [his] Conditional Medical Release." (*Id.* at 153.) Petitioner asserted in his initial petition that "[t]he State of Florida fraudulently proposes that the Body be permanently enjoined from opening a checking account" during his Conditional Medical Release (*Id.*) He argued that, as a result of his disability, he is "forced to rely on aid from the federal government," but he "cannot access these benefits because the State prohibits [him] from opening a checking account."[1] (*Id.* at 21.) Other than these few sentences challenging the administration of Petitioner's medical release in Bronx County, New York, the remainder of the original petition attacked Petitioner's conviction, repeating arguments that Petitioner had previously made and that state and federal courts had already rejected.[2] Because it appeared that, in addition to his repetitive attack on his conviction, Petitioner might have also intended to challenge this condition of his medical release, the Court granted Petitioner leave to file an amended Section 2254 petition challenging this special condition and demonstrating that he had exhausted this claim by presenting it to the state courts.

On November 10, 2022, Petitioner filed an amended Section 2254 petition. The 88-page amended petition is devoted almost exclusively to reasserting Petitioner's already rejected

---

[1] Petitioner attached to his original petition documents showing that, on February 22, 2022, the Florida Department of Corrections requested that Petitioner's application for social security disability benefits be initiated, pursuant to its memorandum of understanding with the Social Security Administration. (*Id.* at 150.)

[2] *See, e.g.*, *Hasanati v. United States*, No. 3:20-CV-942, 2020 WL 6150920, at *2 (M.D. Fla. Oct. 20, 2020) ("[I]f Petitioner is attempting to challenge his conviction or sentence, he cannot do so without the Eleventh Circuit's permission, because the Southern District of Florida previously adjudicated Petitioner's *habeas corpus* petition under [S]ection 2254. *See* Case No. 1:17-CV-20682-JAL (S.D. Fla.).").

arguments that the Florida statute under which he was convicted is invalid and that his bankruptcy discharge in the Eastern District of New York shows that his conviction is void. Petitioner includes only one sentence that mentions the manner in which his sentence is being administered: He states that "the State prohibits [him] from opening a checking account, a federal right, despite the evidence proving the absence of any injury to the property of the United States, its currencies." (ECF 17 at 26.) Petitioner does not indicate that he exhausted this claim by presenting it to the state court.

Petitioner "demands a writ of habeas corpus discharging the Body from the unconstitutional victimized-oppressive kidnapping of HIS material Human Form." (*Id.* at 43.)

## DISCUSSION

The Court addresses below Petitioner's attack on his conviction and his challenge to the special condition of his medical release that prevents him from opening a bank account.

A.   Attack on conviction

The bulk of Petitioner's amended petition attacks his 2011 Florida conviction. As set forth in the Court's order to amend, Petitioner has already challenged his Florida conviction in federal court in multiple petitions for writs of *habeas corpus*. *See Hasanati v. United States*, 1:17-CV-20682-JAL (S.D. Fla. Feb. 24, 2017); *Hasanati v. Jones,* No. 15-22610-Civ-Cooke (S.D. Fla. Jan. 29, 2016) (dismissing § 2254 petition challenging Miami-Dade County Circuit Court Case No. 10-08585); *Hasanati v. United States*, No. 3:20-CV-942, 2020 WL 6150920, at *2 (M.D. Fla. Oct. 20, 2020) ("[I]f Petitioner is attempting to challenge his conviction or sentence, he cannot do so without the Eleventh Circuit's permission, because the Southern District of Florida previously adjudicated Petitioner's *habeas corpus* petition under [S]ection 2254. *See* Case No. 1:17-CV-20682-JAL (S.D. Fla.). Thus, he must seek permission from the Eleventh Circuit prior to filing a second or successive *habeas* petition, and he cannot overcome

the procedural requirements of [Section] 2254 by labeling his petition as one under [Section] 2241.").[3]

Federal courts have repeatedly rejected Petitioner's challenge to the validity of the statutes under which he was convicted. *See, e.g., Hasanati v. Att'y Gen.*, No. 8:11-CV-61-T-30, 2011 WL 720750, at *1 (M.D. Fla. Feb. 4, 2011) ("[T]he claim is for a declaratory judgment that seven Florida statutes are invalid based on the Supremacy Clause and under Florida's Constitution. However, the plaintiff has proffered no facts whatsoever to support the challenges."), *R & R adopted*, 2011 WL 720742 (M.D. Fla. Feb. 22, 2011); *Hasanati v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 912 (11th Cir. 2018) (noting that Petitioner's Section 2254 petition was based on allegations "that his arrest, extradition from New York to Florida, conviction, and imprisonment were unlawful because the statutes upon which they were based were invalid, not properly passed by the Florida legislature, and could not be authenticated by the Florida Secretary of State").

Despite the Court's warning that Petitioner cannot bring a successive petition attacking his Florida state conviction in this Court, Petitioner continues to attack his Florida conviction, reasserting arguments that the Florida district courts have already considered and rejected. Because Petitioner cannot bring a new Section 2254 petition challenging his conviction without

---

[3] Petitioner is also subject to numerous prefiling injunctions due to his repetitive filing of frivolous applications. *See, e.g., Hasanati*, 1:17-CV-20682, 7 (Order at 8 ("Hasanati has been enjoined from any further filings in his state criminal proceedings, due to the sheer number of frivolous *pro se* filings he has made.").); *State v. Hasanati*, Case No. 10-8595 (Fla. 11th Jud. Cir. Ct., Aug. 25, 2015) (Docket No. 968) (enjoining Hasanati from any future *pro se* filings in his underlying criminal case); *Hasanati v. State*, 117 So. 3d 1157, 1158 (Fla. Dist. Ct. App. 2013) ("In less than three years, Hasanati has filed a total of seventeen separate *pro se* appeals or petitions (including the instant cause) related to the underlying circuit court case.").

authorization from the Court of Appeals for the Eleventh Circuit, the petition is dismissed without prejudice insofar as it challenges Petitioner's conviction.

      B.      Challenge to checking account prohibition

Petitioner also appears to challenge the manner in which his conditional medical release is being administered – specifically, the prohibition on his opening a checking account. A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to address constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).[4]

In the amended petition, Petitioner does not plead any additional facts about the checking account prohibition in his conditional medical release. Nor does he allege any facts suggesting that he exhausted in the state courts any challenge to the conditions of his medical release. The

---

[4] The constitutional nature of a federal claim is fairly presented to the state court when a petitioner: (1) relies on federal cases employing federal constitutional analysis, (2) relies on state cases employing federal constitutional analysis in like fact situations, (3) asserts the claim in terms that call to mind a specific constitutional right, or (4) alleges a pattern of facts well within the mainstream of constitutional litigation. *Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005) (relying on *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc)); *Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) (federal claims are fairly presented by even a "minimal reference" to the provision of federal law that petitioner relies upon).

amended Section 2254 petition, insofar as it challenges the conditions of Petitioner's medical release is therefore dismissed, without prejudice, as unexhausted.

If, after exhausting his claim in the state courts, Petitioner wishes to bring a new Section 2254 petition about the checking account prohibition in his May 4, 2022, conditional medical release, he should note the limitations period for doing so. A federal *habeas corpus* petition must be filed within one year of the latest of four triggering dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

If Petitioner wishes to seek assistance in filing a new application for relief from the checking account prohibition, he may wish to contact the New York Legal Assistance Group (NYLAG), an organization that provides free legal advice to self-represented parties in this court. A flyer from NYLAG is attached to this order.[5]

## CONCLUSION

The amended petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is dismissed without prejudice. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[5] A flyer about *pro bono* representation for social security matters through the New York County Lawyers Association is also attached. Petitioner may wish to contact this organization if he needs assistance in obtaining a representative payee for his social security benefits.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:    January 12, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge



**To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

*Anthe Maria Bova*

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs

# Notice For Pro Se Litigants



**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

